[No. 13889.  Department Two.  April 20, 1917.]

BOSTON TRUST COMPANY, *Respondent*, v. EVELON COMPANY,

*Appellant*.[1]

DAMAGES—MEASURE OF DAMAGES—DELAY—RENTAL VALUE—CON-
TEMPLATED PROFITS.  The measure of damages for delay in the per-
formance of a contract to improve property, sold to the plaintiff, by
the construction of sewers and paving, is the reasonable rental
value of the property during the period of the delay; and plaintiff
cannot recover for the loss of rents of a contemplated building
which he did not construct on account of the delay, as the same is
too remote and speculative.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered June 19, 1916, in favor of the
plaintiff, in an action to foreclose a mortgage, tried to the
court.  Affirmed.

*Winfield R. Smith*, for appellant.

*Farrell, Kane & Stratton*, for respondent.

MOUNT, J.—This action was brought by the respondent
to foreclose a mortgage upon certain real estate in the city
of Seattle.  On a trial of the case, the court entered a decree
of foreclosure.  The defendant has appealed.

The facts are, in substance, as follows:  On May 5, 1913,
the Seaboard Security Company sold to the appellant, Evelon
Company, blocks 17 and 18, in Laurelhurst Heights addition
to the city of Seattle.  The purchaser paid part cash for
these blocks and gave its note for $15,000, secured by a
mortgage upon the land.  Thereafter, on the 11th day of
February, 1916, the Seaboard Security Company sold and
assigned the note and mortgage to the respondent.  This
action was brought by the respondent to foreclose the mort-
gage.  The appellant, as an affirmative defense and counter-
claim to the action, alleged, in substance, that, as a part of

[1]Reported in 164 Pac. 606.

the same transaction as the sale of the property, the Seaboard Security Company contracted to improve, with sewers, water mains, and paving, certain streets in the vicinity of the property, by November the 30th, 1913; that appellant had a binding agreement with one A. S. Taylor that, when said street improvements would be completed, the blocks would be improved with a residence, plans for which had been drawn and approved; that Taylor agreed, when the residence was completed, he would lease the same for a period of years, paying a rental of $300 per month; that these facts were in contemplation of the parties when the sale took place; that the Seaboard Security Company failed to make the street improvements by November 30th, 1913, as agreed, and such improvements would not be completed until November, 1916; that, by reason of the failure of the Seaboard Security Company to make the improvements, the appellant lost the difference between the rental value of the property with the improvements as contemplated and the rental value without the improvements, amounting to $5,250.

Upon the trial of the case, the appellant attempted to prove the facts alleged. The trial court sustained objections thereto, upon the ground that the damages sought to be proved were speculative and remote.

A mere statement of the facts, we think, conclusively demonstrates the correctness of the ruling of the court. It is not claimed by the appellant that any dwelling house or improvement was made upon the lots purchased. It is, in fact, conceded that the residence which it intended to build was never built, and no further investment was made by the appellant except the mere purchase of the land. The rule applicable to this kind of a case is stated in 13 Cyc., page 157, as follows:

"Where there has been a delay in the performance of a contract, the owner of the property may recover as damages the value of its use during the period covered by the delay;

and such damages have usually been measured by a sum equal to the rental value of the property during the period of delay."

The trial court, in this case, allowed such damages as an offset. It refused to allow damages for the rent of a building which was contemplated to be placed upon the land, which building was never placed thereon.

If the appellant, in reliance upon the contract which it alleges was made and was in contemplation of the parties at the time of the purchase of the blocks, had erected a dwelling-house upon the property, and if, by reason of the failure of the seller of the blocks to comply with its contract to improve the streets, appellant had been unable for that reason to lease or use the building and the lots, it might then be in position to ask for the reasonable rental value of the property as damages in offset of the purchase price. But it is conceded that appellant never erected the house, and never did anything toward erecting it except to prepare plans and specifications and obtain the consent of a party who was willing to rent it at $300 a month when it was completed. The record very conclusively shows that there was no lease by the person who intended to rent it. There was simply a verbal agreement which, of course, was incapable of enforcement. That fact, however, is not material here, because it would tend only to show the reasonable rental value of the dwelling if the dwelling had been built as contemplated. The appellant relies upon the rule announced by this court in the cases of *Skagit R. & Lumber Co. v. Cole*, 2 Wash. 57, 25 Pac. 1077, and *Revett v. Globe Nav. Co.*, 68 Wash. 300, 123 Pac. 459, and other cases of a similar nature, but those cases are based upon a state of facts which would be parallel and applicable if the appellant had built its residence as contemplated and had been unable to lease or use the same by reason of the failure of its vendor to make the street improvements. But the appellant did not build the residence, and

BOSTON TRUST CO. v. EVELON CO.

it follows as a matter of course that, not having done so, appellant cannot claim damages for loss of rental for a building which was never built. As was said in *Webster v. Beau*, 77 Wash. 444, 137 Pac. 1013, 51 L. R. A. (N. S.) 81, at page 452:

"A clear distinction is manifest between an interruption of, or an injury to, an existing business which has been successfully conducted for a considerable period of time, and the prevention of the establishment of an entirely new business. When the business is in contemplation, but not established, profits that may be anticipated therefrom are too speculative, uncertain, and conjectural to become a basis for the recovery of damages in an action for the subsequent loss of such profits."

Without further referring to the authorities cited in the briefs, we are satisfied that the damages here sought to be offset against the mortgage are too remote and uncertain in their character.

The judgment of the trial court is therefore affirmed.

ELLIS, C. J., PARKER, FULLERTON, and HOLCOMB, JJ., concur.